W. O. DODGE and Others v. THOMAS B. McMAHAN.[1]

May 24, 1895.

Nos. 9295—(145).

| 61 | 175 |
| 68 | 476 |
| 61 | 175 |
| 75 | 301 |
| 61 | 175 |
| 80 | 16 |
| 61 | 175 |
| 81 | 92 |

Complaint—Money Loaned or Paid for Defendant's Use.

The complaint was for "money loaned to the defendant and paid for his use and benefit." The evidence admitted tended to prove that the defendant employed plaintiffs to purchase for him, on a margin, a quantity of wheat for future delivery, and requested them, if the margin should be exhausted by a decline in the market, to advance for him the money necessary to keep the margin good, and that the money sued for was the advances made by plaintiffs in pursuance of this request.  Held, that in the absence of any motion to make the complaint more definite, or to compel plaintiffs to elect whether they claimed for money loaned or for money paid out for defendant's benefit, the evidence was properly admitted.

Contract—Pleading Illegality.

Held also, that, under a mere denial in the answer, evidence was inadmissible to prove that the transaction was illegal, as being a mere wager on the future price of wheat.

Assignments of Error—Abandonment.

Assignments of error not relied on or urged in appellant's points and authorities will be deemed abandoned, and will not be considered, even although urged on oral argument, at least when the respondent does not waive the point.

1 Reported in 63 N. W. 487.

· Appeal by defendant from an order of the district court for Marshall county, Ives, J., denying a motion for a new trial.    Affirmed.

·*Brown & Carr*, for appellant.

*Steele & Rees*, for respondents.

MITCHELL, J.    This was an action to recover money "loaned to the defendant, and paid for his use and benefit."    The answer was a general denial.    The plaintiffs offered evidence tending to prove that the defendant employed them, as commission men, to buy for him 5,000 bushels of wheat for future delivery, on a margin of five cents per bushel, and at the same time requested them, if this margin should be exhausted by a decline in the market, not to allow him to be "sold out," but to put up the additional margins for him, and then advise him ·or draw on him for the amount; that the amount sued for was money advanced by plaintiffs, in pursuance of this request, to keep good the margins on defendant's wheat.    In the absence of any motion to make the complaint more definite and certain, or to compel plaintiffs to elect whether they claimed for money loaned or for money advanced and paid out for defendant at his request, there was no error in admitting the evidence.    There was no fatal variance between the allegations of the complaint and the proof.

2. The court excluded certain evidence offered by defendant for the alleged purpose of proving that the transaction was not an actual purchase of wheat, but a mere wager by him on the future price of the commodity.    The evidence was properly excluded for two reasons:    First, it went merely to the· unexpressed intention or motive of· defendant himself, of which plaintiffs had no knowledge,· either when they bought the wheat or when they made the advances for him;    second, it was inadmissible, under the pleadings.    Authorities may be found, even in some of the code states, to the effect that, under a mere denial, evidence of any fact may be given in evidence that would go to the original validity of the contract sued on,—that is, which, although admitting the making of the contract, would show that, when made, it was for some reason invalid; as, for example, that it was made on Sunday, or that it was a gambling or wagering contract.    But this rule is not in accordance·with either the spirit of the reformed procedure or the· deci-

sions of this court.    The correct rule is that, under a denial, the defendant is at liberty to give only such evidence as tends to disprove the existence of the facts, as facts, alleged by the plaintiff, but not of any matter' aliunde, which, although admitting such facts, would tend to avoid their legal effect and operation.    Finley v. Quirk, 9 Minn. 179 (194);  Brown v. Eaton, 21 Minn. 409;  Lautenschlager v. Hunter, 22 Minn. 267;  Bliss, Code Pl. § 352.    The cases holding that where a plaintiff alleges generally his ownership of property, without setting out the source of his title, the defendant may give evidence of any facts tending to disprove such ownership, so far from being in conflict with this rule, are in exact accord with it.

3. This disposes of all the assignments of error except the seventh and eighth, which relate to the charge of the court.    While counsel for defendant discussed these assignments of error in their oral argument, they neither discussed nor referred to them in their points and authorities or printed brief.    The rule is that all assignments of error not relied on in the points and authorities will be deemed abandoned and waived.    Hence the respondents, in preparing their brief, were not called upon to consider them.    The injustice of allowing an appellant to omit all reference to an assignment of error in his points and authorities served on the respondent, and yet permitting him to rely on it in his oral argument, is illustrated in this case.    The respondents, who submitted on printed brief, assumed, as they had a right to do, that these assignments of error were abandoned, and hence did not discuss them.    We, therefore, decline to consider them.

Order affirmed.