J. D. MORAN MANUFACTURING AND CONSTRUCTION COMPANY v. CITY OF ST. PAUL.[1]

June 26, 1896.

Nos. 9899—(183).

Contract—Construction—Interest.

A contract between the parties hereto provided that the plaintiff should be paid a stated gross sum for building certain sewers on the completion and acceptance of the work. It also provided for the granting of estimates during the progress of the work, and for paying the same when there was money in the treasury applicable to the payment of such work; but no interest was to be allowed on them. During the progress of the work, estimates were allowed, but no warrants were issued therefor, or anything paid thereon until after the work was completed and accepted, and the amount

1 Reported in 67 N. W. 1000.

due therefor allowed, when warrants were issued from time to time, and paid to the amount of the respective estimates. *Held*, that the sums paid on such warrants were payments pro tanto on the debt then due as an entirety, and that the plaintiff is entitled to interest on his debt, including the amount of the estimates from the date of the completion and acceptance of the work.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., denying a motion for a new trial. Affirmed.

*E. J. Darragh* and *Hermon W. Phillips*, for appellant.

*Warren H. Mead*, for respondent.

START, C. J.    On March 29, 1893, the parties hereto entered into a written contract whereby the plaintiff agreed to furnish the materials and construct certain sewers in the streets of the defendant city, for which it promised to pay the plaintiff the sum of $20,000. It paid thereon instalments between August 15, 1893, and June 28, 1895, inclusive, the sum of $19,900.    This action is for the recovery of the balance of principal and interest claimed to be due on the contract.    The defendant, by its answer, admits the contract and its performance, but claims that the plaintiff is not entitled to interest, and tenders it judgment for $100.    The trial court sustained the claim for interest, and directed judgment for the plaintiff for $725, and the defendant appealed from an order denying its motion for a new trial.

The only question in the case is whether the plaintiff was legally entitled to interest on the claim, and, if so, from what date.    An answer to this question involves a construction of the contract of the parties.    The contract provided that the work should be completed on or before August 31, 1893, to the acceptance and satisfaction of the board of public works of the city.    So much of the contract as relates to the time and manner of payment for the work is in these words:

"First. In case the said party of the first part shall proceed to properly perform and complete the said work hereby agreed to be done, and all the provisions, clauses, matters, and things in this agreement contained, the said board of public works may, from time to time, as the said work progresses, grant to the said party of the first part, every month, an estimate of the amount already earned, reserving, however, 15 per cent. therefrom; and thereupon said party of the first part shall be entitled to receive the amount which may be due

thereon (reserving said 15 per cent.), when the money applicable to the payment of such work shall be in the city treasury.

"Second. When the said party of the first part shall have wholly and finally completed all of said work to the satisfaction of the said board of public works, the amount or balance due said party of the first part on said work, including said reserve of 15 per cent., shall be audited and allowed by the common council of the city of St. Paul. All of which shall be payable out of the fund collected upon the assessment of said improvement. It is expressly understood that interest will not be allowed or paid upon any of the estimates granted under this contract."

It is clear from the terms of this contract that when the work is finally completed to the satisfaction of the board of public works, and the balance due the plaintiff on the work is audited and allowed, the whole contract price then remaining unpaid is due and payable out of the fund collected upon the assessment for the improvement. This provision as to the fund from which the contract price is to be paid does not qualify the time of payment. It is not payable when the fund is collected, but out of the fund collected. The plaintiff's claim was due as soon as it was audited and allowed, and it is entitled to interest thereon after it became due until it is paid, unless there is some provision in the contract which takes this case out of the general rule.

The defendant claims that the clause in the contract as to interest on estimates disentitles the plaintiff to interest. The contract is to be construed in reference to the provisions of the city charter as to local improvements and special assessments to pay for the same. It is sufficient to state, without giving details, that the city had at its command the necessary legal machinery whereby it could have collected the assessment for this improvement by the time it was completed and accepted. In view of this fact it is not a forced construction of the contract to hold that it assumes that the fund will be collected by the time the work is completed and accepted, but that it was a matter of uncertainty whether any of it would be collected before that time. This is the fair inference from the words used. If this is so, then there is no trouble in determining the meaning of the stipulation to the effect that interest will not be paid on any estimates granted under the contract. Now, the only estimates provided for by the contract are such only as the board of public works might, from time to time, during the progress of the work, grant to the plain-

tiff.   Such estimates were discretionary with the city officers in charge of the improvement, and were intended to enable the contractor to obtain a part of its money before the contract price was due, if the money applicable to the payment of such work should be in the city treasury; if not, then by raising the money on the credit of what the city had certified would be due when the contract was completed.   Hence the contract provided that no interest would be allowed on any estimates given during the progress of the work; that is, before the contract was completed and the stipulated price was due.   But when, as in this case, nothing was paid on any of the estimates or upon the contract until after the work was completed, and the balance due was audited and allowed, the sums called for by the estimates were still a part of the amount due on the contract, and interest is recoverable on the whole thereof from the time it was due until it is paid.

No question is or can be made in this case as to the sufficiency of the fund at the time the action was commenced to pay both principal and interest due on the contract, for on November 15, 1893, the property benefited by the improvement was sold on a tax judgment, and a sum, with what had been previously paid, realized, more than sufficient to pay the plaintiff's entire claim, principal and interest.   If, therefore, the claim of the city that it ought not to pay this interest is supported by any equity, it is not apparent from the record.   The fact that the city was a purchaser of a part of the property does not affect the equities of the case, for it received on such sale certificates bearing interest at the rate of 12 per cent. per annum.

The work in question was completed August 11, 1893, to the satisfaction and acceptance of the city, and thereupon the plaintiff duly demanded the contract price therefor.   During the progress of the work three estimates were allowed, but no warrants were issued or payments made therefor until after the completion of the work when warrants were issued to the amount of such estimates, dated, respectively, August 15, August 26, and September 12, 1893, and paid.   Subsequently, and between September 13, 1893, and June 28, 1895, inclusive, 10 warrants were issued for various amounts, and paid.   The aggregate amount of all of these warrants is $19,900.   The defendant claims that all of them were issued on estimates on which the plaintiff was not entitled to interest by the terms of the contract; and, fur-

ther, that each separate estimate was a separate demand or debt against the city, and, the principal thereof having been paid by the warrant, no action can be maintained for the interest, invoking the rule that interest is an incident to the debt, and, that being paid, no action lies for the recovery of the interest. There was but one debt in this case, which was the principal sum of $20,000, due to the plaintiff by virtue of its contract, and each warrant paid was simply a payment pro tanto on this debt as an entirety. The city cannot subdivide its debt, calling its payments estimates, and the latter separate debts, and thereby avoid paying interest on an admitted and honest debt, long past due.

Order affirmed.