PATRICK KEIGHER v. CITY OF ST. PAUL.

June 15, 1898.

Nos. 11,030—(148).

73    21
81    92

**Payment—Acceptance in Extinguishment of Principal—Street Sprinkling Contract—Moran v. City Distinguished.**

*Held*, distinguishing Moran Mnfg. & C. Co. v. City of St. Paul, 65 Minn. 300, that the evidence justified the verdict to the effect that payments made by the defendant upon certain contracts for sprinkling its streets were made and accepted upon and in full extinguishment of the principal of the debt, and that the trial court properly submitted the question to the jury.

**Witness—Conversation with Deceased—Competency of Officer of Defendant City.**

*Held*, that it was competent for the defendant's comptroller to testify in this case to a conversation relative to the issue with the deceased contractor.

**Evidence Inadmissible under Pleadings—Objection that it is Incompetent, etc., not Sufficiently Specific.**

An objection to evidence that it is incompetent, irrelevant and immaterial is not sufficiently definite to call the attention of the court to objections that the evidence is inadmissible under the pleadings.

Appeal by plaintiff from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial. Affirmed.

*Warren H. Mead*, for appellant.

*James E. Markham* and *Hermon W. Phillips*, for respondent.

START, C. J.

This action was brought to recover from the city of St. Paul a balance claimed to be due upon each of five contracts for the sprinkling of the streets and avenues of the city during the years 1892 and 1893, made by the city and Patrick Norris, now deceased. All money due or claimed to be due by virtue of such contracts was assigned to the plaintiff. The defense of the city was payment on the contracts in full. Verdict for the city, and the plaintiff appealed from an order denying his motion for a new trial.

Each of the contracts provided that the work should be paid for

out of the assessments to be levied upon the adjoining lots benefited by the sprinkling; that the board of public works might from time to time make estimates of the work as it progressed, which were to be allowed by the common council of the city, less 15 per cent. to be retained until the completion of the contract. It was also provided that interest was not to be paid on the estimates. There is no dispute as to the amounts paid on the contracts or the manner of payment. Estimates were made as the work progressed, and final estimates on the completion of the contracts, which were certified to and allowed by the council as made, but no warrant was drawn for the payment of any estimate until the money to meet the warrant had been collected from the assessment. An account of each estimate was kept by itself, and whenever there was money in the treasury to pay it a warrant was drawn in every instance for the exact amount of the estimate, and delivered to the party entitled to it. The several estimates so paid amounted in the aggregate to the full amount of the principal due on all of the contracts. But none of the estimates was so paid until after it had been due for some time.

The plaintiff claimed that the payments so made are to be treated as partial payments on account of the contracts, and that they should be applied to the payment of interest on the estimates after they became due, and the balance to the payment pro tanto of the principal. The defendant claimed that the amounts so paid were paid exclusively upon the principal due on the contracts, and that thereby the principal was completely paid and extinguished. If the payments were made generally on account of the contracts, they should be applied as partial payments, and there is a balance of $550 due to the plaintiff; but if the payments were made and accepted as payments on principal alone, the plaintiff cannot recover, for interest is an incident to the debt, and is recoverable only as damages in an action to recover the debt or some part thereof. The debt paid, no action can be maintained to recover interest only.

The trial court submitted the question to the jury, instructing them that if in fact the payments were made and accepted on account of principal, the plaintiff could not recover; but if they were paid generally, on account of the contracts, he was entitled to recover. The plaintiff's important assignments of error raise the

question of the correctness of this instruction, and of its refusal to direct a verdict for the plaintiff.

The cases of Moran Mnfg. & C. Co. v. City of St. Paul, 65 Minn. 300, 67 N. W. 1000, and Keigher v. City of St. Paul, 69 Minn. 78, 72 N. W. 54, are relied upon by the plaintiff to sustain his proposition that his request to have a verdict directed in his favor ought to have been granted. In the Moran case there was one entire contract, and the action was to recover an unpaid balance of the principal debt, and, in the absence of any finding that the payment of the estimates was made and accepted as payment on the principal of the debt alone, interest was recovered as an incident to and with the balance of the debt. In the Keigher case there was no evidence of any agreement of the parties, express or implied, as to how the payments should be applied, nor any evidence that the payments were specially made and specially accepted in extinguishment of the principal of the debt. The cases relied upon are not in point in this case, if there was evidence herein sufficient to sustain the finding of the jury to the effect that the payments were made and accepted on account of principal alone. If the evidence was sufficient to support such a finding, then the plaintiff's requests, to the effect that the court direct a verdict in his favor, were rightly denied, and the case was properly submitted to the jury.

We have duly considered the record, and reached the conclusion that the evidence is sufficient to sustain the finding that the payments were made and accepted upon the understanding of the parties that they were to be applied specifically upon the principal of the debt, and not generally on account of the contracts. The manner of making the payments, the course of business between the parties to the contracts, and their conduct as to the payments, indicate with sufficient certainty that the understanding of the parties was as found by the jury. The plaintiff's requests for instructions to the jury were all properly refused, and the charge of the court to the jury, taken as a whole, was a correct statement of the law applicable to the case.

The comptroller of the city was permitted to testify, over the objections and exception of the plaintiff, to conversations had with Patrick Norris, the contractor, as to payments made on the con-

tracts. This is assigned as error, for the reason that the evidence falls within the spirit of the statute (G. S. 1894, § 5660) providing that it shall not be competent for any party to an action, or interested in the result thereof, to give evidence of conversations with a deceased or insane party or person. This statute has been strictly construed by this court (Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55), and the comptroller was not a party to the action nor interested in the result thereof. Therefore his testimony as to conversations with the deceased contractor was competent.

The record evidence, which was received over the plaintiff's objection that it was "incompetent, irrelevant and immaterial," was rightly received for the purpose of showing the course of business between the parties and the manner of making the payments, although there was no dispute as to the fact of such payments nor as to the amount thereof. The plaintiff, however, urged on the oral argument that the evidence was inadmissible under the pleading, because the defense was payment in full, and not that the payments were made and accepted upon the principal of the debt and in extinguishment thereof; that the actual defense made was in the nature of an accord and satisfaction, and should have been specially pleaded. There are two reasons why we cannot consider this specific objection: (1) It was not urged in appellant's points and authorities (Minneapolis, St. P. & S. S. M. Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315, 64 N. W. 902). (2) The objection was not made on the trial. The objection that offered evidence is incompetent, irrelevant and immaterial is not sufficient to call the attention of the court to the specific objection that it is not admissible under the pleadings.

It was not error for the trial court to exclude evidence of the former practice of the city as to paying interest on similar estimates, nor in sustaining the objection to the question to the plaintiff as to whether he received a certain payment on account.

Order affirmed.