MARY HAHN v. ANTON BETTINGEN.[1]

August 2, 1900.

Nos. 12,002—(104).

**Breach of Promise—Engagement to Another than Defendant—Damages.**
This is an action for breach of promise of marriage. The plaintiff testified that she was engaged to B., and at the solicitation of the de-

---

1 Reported in 83 N. W. 467.

fendant she broke her engagement and promised to marry him. The trial court instructed the jury to the effect that if the plaintiff broke her engagement with B. at the solicitation of the defendant, and on account of his promise to marry her, they might consider as an element of her damages her loss of the opportunity to marry B. *Held* error.

Action in the district court for Ramsey county to recover $10,-000 damages for breach of promise of marriage. The case was tried before O. B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed.

The only exception taken by defendant to the court's charge, as referred to in the opinion, was as follows:

"Your Honor, save us 'an exception on the law question as to affinity, and the engagement to Bach."

*C. D. & Thos. D. O'Brien,* for appellant.
*John V. I. Dodd,* for respondent.

START, C. J.

Action to recover damages for the breach of an alleged promise of marriage. The plaintiff gave evidence tending to establish the promise and a breach thereof by the defendant. The defendant, by his answer and testimony, absolutely denied that he ever promised to marry the plaintiff. Verdict for the plaintiff for $2,000, and the defendant appealed from an order denying his motion for a new trial.

The defendant assigns thirteen errors, but specifically urges in his brief only four of them. He has waived those not so urged. Romer v. Conter, 53 Minn. 171, 54 N. W. 1052; Bates v. Richards Lumber Co., 56 Minn. 14, 16, 57 N. W. 218; Dodge v. McMahan, 61 Minn. 175, 63 N. W. 487; Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315, 64 N. W. 902; Keigher v. City of St. Paul, 73 Minn. 21, 24, 75 N. W. 732.

The plaintiff testified on the trial, in effect, that the defendant requested her to marry him, and that she accepted the offer; that at this time she was engaged to marry another man,—Mr. Bach; and that she broke the engagement with him at the defendant's request, and the trial court gave to the jury this instruction:

"If you should find that the plaintiff broke her engagement with Mr. Bach at the request or solicitation of defendant, and on account of the contract of marriage of the defendant with plaintiff (if you find there was such a contract), then you may consider the loss by the plaintiff of the opportunity to marry with Mr. Bach as an element of damage, in determining the amount which you find her entitled to recover."

The defendant assigns as error the giving of this instruction. The plaintiff, however, insists that the exception to the charge was insufficient. The exception was irregular, and it is not to be commended, but it is reasonably clear from the record that the court must have understood that the exception referred to the instruction we have quoted. We hold, with some hesitation, that the exception was sufficient.

It is impracticable to lay down precise rules for the assessment of damages in an action for a breach of promise of marriage. Within reasonable limits, the measure of damages is a question for the sound discretion of the jury in each particular case. And in assessing the damages they may take into consideration the plaintiff's pecuniary loss, her loss of opportunities during her engagement to the defendant for contracting a suitable marriage with another, the disappointment of her reasonable expectations of material and social advantages resulting from the intended marriage, the injury to her health or feelings, the wounding of her pride, the blighting of her affections, and the marring of her prospects in life, by reason of the defendant's promise and his refusal to keep it. Compensatory damages may be awarded for any or all these causes if the evidence in the particular case warrants it. But no adjudged case, so far as we are advised, has ever gone to the extent of holding that because the plaintiff broke her then existing promise to marry another man, at the solicitation of the defendant, and promised to marry him, the loss of the opportunity to marry her jilted lover might be considered by the jury in assessing her damages for the defendant's breach of his promise. Such, however, was the clear legal effect of the instruction complained of in this case; for it plainly directed the jury that if the plaintiff broke her previous engagement with Mr. Bach at the solicitation of the defendant, and on account of his promise to marry her, they might consider as an element of her damages the

loss of the opportunity to marry Mr. Bach. This proposition is ethically and legally unsound; for it enables the plaintiff to take advantage of her own perfidy, and recover damages for her own breach of her engagement with Mr. Bach.

This case is not analogous to one where the defendant breaks an engagement which has existed for many years, during which time other suitors were thereby necessarily warned away. In such a case the fact that the plaintiff's opportunities and prospects for contracting a suitable marriage have been lessened by time, the defendant's promise and its breach is a proper matter to be considered in assessing the damages. The fact that the plaintiff in this case broke her existing engagement and promised to marry the defendant at his solicitation cannot be urged by her as an element of damages, nor by him in mitigation of the damages; for they are, in this particular, pari delicto. He is not charged with any fraud or deceit in the premises. Hence the fact that the plaintiff acted upon his request is immaterial. The giving of the instruction in question was prejudicial error, for which a new trial must be had.

As to the other assignments of error urged in the brief, it is only necessary to add, in view of another trial, that the court did not err in overruling defendant's objection to the deposition of Maud S. Mitchell. The fact that the testimony of the witness was taken in the third person, and as a recital by the notary of what she said, was a mere irregularity, which was waived by the defendant by his failure to move to suppress the deposition within the time limited by the statute (G. S. 1894, § 5691). But so much of the testimony of the witness as tended to show that plaintiff was engaged to Mr. Bach, and that it was broken off, was not admissible, for the reason that her loss of marriage with Mr. Bach was her own fault, for which she is not entitled to damages from the defendant. The testimony of the witness tending to show preparations made by the plaintiff for her marriage, in the absence of the defendant, and in no way connected with him, was inadmissible to prove the promise of marriage, or her assent thereto. 4 Am. & Eng. Enc. 887.

Order reversed and a new trial granted.