[No. 4983.]
[No. 2482 C. A.]

CORDILLA ET AL. V. THE CITY OF PUEBLO.

1.   **Municipal Corporations—Powers—Mode of Exercising.**

Where the mode in which a municipal corporation may exercise a power is prescribed by statute that mode must be followed.

2.   **Cities and Towns—City Council—Resolution—Pleading.**

In an action against a city a complaint which alleges that a resolution of the city council authorizing the city attorney to enter into the agreement sued on was unanimously adopted and that at the time a quorum was present and all the proceedings were adopted by a unanimous vote aye, is sufficient to admit proof of the mode of the adoption of the resolution.

3.   **Same—Presentation to and Approval by Mayor.**

In an action against a city an allegation in the complaint that a resolution of the city council authorizing the city attorney to enter into the agreement sued on was approved and signed by the mayor is not sufficient to admit proof that the resolution was presented to the mayor within forty-eight hours after its adoption by the city council.

4.   **Same.**

In an action against a city upon a stipulation or agreement made and entered into by the city attorney for the city an allegation in the complaint that the stipulation and agreement was presented to the mayor for his approval and signature and that the mayor did not disapprove or return said stipulation to the city council at its next regular meeting or at all and made

no objection to said stipulation, was a sufficient allegation to admit proof as to the presentation of the resolution or stipulation to the mayor and his action or nonaction thereon.

*Error to the District Court of Pueblo County: Hon. N. W. Dixon, Judge.*

*On Rehearing.*

Mr. M: J. Galligan, for plaintiffs in error.

Mr. D. A. Highberger, city attorney, Mr. James A. Park, Mr. George W. Collins and Mr. John A. Martin, for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court.

A demurrer to an amended complaint having been sustained, plaintiffs electing to stand thereon, a judgment of dismissal was rendered, to review which a writ of error was sued out from the court of appeals.

Five grounds of demurrer were advanced, all of which have been abandoned except the one that the amended complaint did not state facts sufficient to constitute a cause of action.

A decision of this case depends upon a solution of the questions: Did the complaint and amendment thereto sufficiently allege the adoption by the city council of a resolution authorizing the city attorney to enter into a certain stipulation with claimants against the city, and was such stipulation presented to the mayor for his action thereon after the action of the council thereon.

"The rule is general, and applies to the corporate authorities of all municipal bodies, that where the mode in which their power on any given subject can be exercised is prescribed by the charter the mode must be followed."—*Weaver v. Canon Sewer Co.,* 18 Colo. App. 242-245; *Keese v. City of Denver,* 10

Colo. 112-122; *Zottman v. San Francisco,* 20 Cal. 96-102; *Sauer v. Town of Gillett,* 20 Colo. App. 365, 78 Pac. 1068; *Durango v. Pennington,* 8 Colo. 257-259.

The mode in which the power of a municipality can be exercised in matters of the character herein involved is thus prescribed by the statutes of this state in force at the time the contract is alleged to have been entered into:

"On the passage or adoption of every by-law or ordinance and every resolution or order to enter into a contract by any council or board of trustees of any municipal corporation the yeas and nays shall be called and recorded."—Mills' Ann. Stats., sec. 4445.

Any ordinance passed and all resolutions or contracts adopted by the council involving the expenditure of money shall receive the approval and signature of the mayor before they shall become valid for any purpose whatsoever except as hereinafter provided. Such ordinance, resolution or contract shall be presented to the mayor within forty-eight hours after the action of the council for his signature approving the same. If he disapproves, he shall return such ordinance, contract or resolution to the council at its next regular meeting with his objections in writing thereto. * * * If the mayor shall fail to return to the next subsequent meeting of the council any contract, resolution or ordinance presented to him for his approval, the same shall become a valid ordinance or act, contract or resolution, as the case may be, in like manner as if it had been approved by him."—3 Mills' Ann. Stats. (Rev. Supp.), sec. 4442a.

The original complaint alleged: "Said claims were by the city referred to the finance committee and afterwards a resolution was presented to the city council of said defendant by W. J. Barndollar, the chairman or a member of the finance committee, and

the resolution was unanimously adopted by the city council of said defendant."

The amendment to the complaint contains the following allegation: "That at the proceedings of council as shown by the quotations in the complaint and this amendment to the complaint a quorum was present, and that all motions, resolutions and proceedings adopted, as appears from the quotations in said complaint and this amendment, were adopted by a unanimous vote of the city council of said city of Pueblo, and that all of the proceedings in said complaint and this amendment were adopted by a unanimous vote aye, and the proceedings and minutes of the meeting of the city council showing same were duly approved by the mayor of said city of Pueblo."

The resolution referred to in the first above quotation was the one which authorized the city attorney to enter into the stipulation or agreement heretofore referred to.

The foregoing allegations may be held to be sufficient as to the adoption of the resolution, to admit of proof of the manner or mode of its adoption, the ultimate fact of its adoption having been alleged.

Ultimate and not evidential facts should be pleaded.—*Saxonia M. & R. Co. v. Cook,* 7 Colo. 569.

However, the original complaint fails in any manner to allege a compliance with the requirements of sec. 4442a, 3 Mills' Ann. Stats., *supra.*

This defect is attempted to be overcome by the following allegation in the amendment to the complaint: "That the resolution set forth in the third paragraph of plaintiffs' complaint herein was set forth in full in the minutes of the proceedings of the city council within and for the city of Pueblo, on November 20, 1893, and the said minutes with said resolution incorporated therein in full were duly ap-

proved and signed by 'the mayor of the city of Pueblo.''

This allegation and the allegation to the same effect hereinbefore set forth are not sufficient to admit of proof of the fact, if it be a fact, that the resolution was presented to the mayor within forty-eight hours after the action of the council for his action thereon.

Otherwise stated, the approval by the mayor of the minutes of the proceedings of the city council which recite the adoption of the resolutions is not such an approval of the contract or resolutions as is required by sec. 4442a, 3 Mills' Ann. Stats., *supra.*

However, plaintiffs in error insist that the subsequent action of the council and mayor was a ratification of its previous action and that such subsequent action was in the mode prescribed by secs. 4442a and 4445, Mills' Ann. Stats., *supra,* and that the allegations of the amendment to the complaint are sufficient to admit of proof thereof.

The allegations of the amendment to the complaint in this behalf are in substance as follows: That the stipulation and agreement upon which this suit is based was presented the mayor for his signature approving the same; that the mayor did not disapprove or return said stipulation to the city council of the city of Pueblo at its regular meeting after being thus presented and referred to him, or at all, and made no objection in writing or otherwise to said stipulation or agreement.

This is a sufficient allegation of ultimate facts upon which issue may be joined and proof introduced as to the presentation of the resolution or stipulation to the mayor and his action or nonaction thereon.

It follows therefore that the original complaint and amendment thereto when taken and construed together present sufficient allegations of ultimate

facts to constitute a cause of action. We express opinion only upon the points raised by counsel in their briefs and arguments.

For the reasons above stated, the judgment of the court below must be reversed, the cause remanded with directions to proceed according to the principles herein announced.                                    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.