No. 9826.

BENISH v. JONES.

1. PRACTICE IN ERROR—*Defense Not Pleaded*, is not noticed in the court of review.

2. GAMBLING—*Gaming Debt*, is a nullity, and a pledge of personal property to secure it is void.

3. INTERVENTION—*Burden of Proof.* One who intervenes in an action of replevin or claiming the goods, has the burden showing his title.

4. PLEADING—*General Denial,* to a petition in intervention claiming ownership entitles the defendant to the benefit of any evidence tending to contradict such claim.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

*Department Two.*

Messrs. DEWEESE & McPHAIL, for plaintiff in error.

Mr. CLIFFORD W. MILLS, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

MARGARET S. JONES, Administratrix of the Estate of Allen E. Jones, brought suit in replevin against the Shirley Hotel Company to recover an automobile which she claimed had belonged to her intestate; Benish intervened, alleging that he was the owner of the car, that he bought it of Allen E. Jones, and paid for it and assumed charges against it of $51.67.

To this the plaintiff filed a general denial. The plaintiff had a verdict. The intervenor brings error and moves for a supersedeas.

There was no error in denying the intervenor's motion for a directed verdict. There was conflicting evidence as to ownership, which was the only issue.

One Morton Jones, a witness for the plaintiff, was permitted to testify that Benish told him that he, Benish, held the automobile as security for a debt incurred in "a little game among friends." This evidence was competent to show that the transaction was a pledge and not a sale. The objection to it, therefore, that it referred to a matter not pleaded, was not sound.

The Colorado cases hold that after property sold for a gambling consideration has been delivered to the purchaser, the transaction will not be re-opened. But these cases are

not in point if the property is held as security for a gaming debt, because in such case the pledgee, to maintain his position, must show an existing, valid debt; but a gaming debt is void; so he cannot show a right of possession as security. Regardless of the question of gaming, however, the intervenor cannot rest his right of possession on a lien or pledge because he did not plead it, but rested his case upon a plea of ownership. *Gay v. Fretwell,* 9 Wisc. 186, 193, 194; *Mellott v. Downing,* 39 Ore. 218; 64 Pac. 393.

The court by instruction No. 3 told the jury that if the automobile was delivered to secure a debt any part of which was incurred in gambling, the verdict should be for the plaintiff. Intervenor excepted and claims that the fact of gambling should have been specially pleaded, if the plaintiff intended to rely on it. It follows, however, from what has already been said, that the instruction, even if erroneous, was harmless, because, if the car was held as security for a debt, the intervenor could not recover whether the debt was a gambling debt or not, since he had not so pleaded. We think, however, that the instruction was correct any way. Upon the issue of ownership the burden was upon the intervenor, and the plaintiff, under a general denial, was entitled to the benefit of any evidence that tended to show the intervenor did not own the car. *Payne v. Williams,* 62 Colo. 86, 160 Pac. 196; *Lavelle v. Julesburg,* 49 Colo. 290, 293, 112 Pac. 774; *Cordilla v. Pueblo,* 34 Colo. 296, 82 Pac. 594; *Alden v. Carpenter,* 7 Colo. 87, 91-3, 1 Pac. 904; *Mott v. Baxter,* 29 Colo. 420, 68 Pac. 220; *Saxonia Co. v. Cook,* 7 Colo. 569, 4 Pac. 1111.

If he held it as security for a gambling debt he did not own it. *Hurd v. Vincent,* 1 Tenn. 292; *Dodge v. Mc-Mahan,* 61 Minn. 175, 177, 63 N. W. 487.

The allegation of the intervenor that he had purchased and paid for the car was mere evidence tending to show him to be the owner. *Hanna v. Barker,* 6 Colo. 303, 313; *Cuenin v. Halbouer,* 32 Colo. 51; *Pike v. Sutton,* 21 Colo. 84.

Judgment should be affirmed.

Garrigues, C. J., and Scott, J., concur.