H. A. SPOONER *vs.* BAY ST. LOUIS SYNDICATE, impleaded, etc.

October 28, 1890.

**Corporation—Action by Judgment Creditor for Receiver—Effect of Sheriff's Return of Execution Unsatisfied.**—In an action brought, under Gen. St. 1878, c. 76, § 9, by a judgment creditor for the appointment of a receiver of the property and effects of the debtor corporation, the return of the execution unsatisfied by the sheriff is conclusive so long as it remains of record in force, and cannot be collaterally assailed by inquiries into the conduct of the officer in executing it, or into the existence of any property which he might have levied on by virtue of it.

Appeal by the defendant corporation from an order of the district court for Hennepin county, *Lochren,* J., presiding, appointing a receiver.

*C. D. & Thos. D. O'Brien,* for appellant.

*Fred. B. Dodge,* for respondent.

MITCHELL, J. This action was brought to have the property and effects of the defendant corporation sequestrated, and a receiver of the same appointed, pursuant to Gen. St. 1878, c. 76, § 9. The material allegations of the complaint are that the plaintiff had obtained in Hennepin county a judgment against the corporation for $1,239.68, which was adjudged a specific lien upon certain real estate in that county, which the sheriff was directed to sell for the satisfaction of the judgment; that pursuant to such judgment the sheriff sold the premises, realizing therefrom the sum of $5; that this sale was duly confirmed by the court, by whom it was further ordered that judgment be entered in favor of the plaintiff and against the defendant for the deficiency, which was thereafter done, and the judgment docketed in both Hennepin and Ramsey counties, in which latter county was the defendant's principal place of business; that thereafter executions on this judgment were issued and delivered to the respective sheriffs of these counties, both of which had been by them returned wholly unsatisfied. The corporation, in its answer, admits all these allegations, but attempts to set up by way of defence: *First,*

v.44m.—26

That the property subject to the lien referred to in the complaint was of a value much more than ample to pay plaintiff's judgment; that the sum of $5, for which it was sold, was grossly inadequate; and that the plaintiff could, if he had seen fit, have sold it for more than enough to satisfy his claim. *Second.* That the corporatien had and still has sufficient property not exempt from execution to pay plaintiff's judgment; and "that the plaintiff, if he had seen fit, could have levied the execution upon property of the defendant situated in Hennepin county, and which was of record in said county in the name of the corporation, for more than enough to satisfy the judgment and costs; and that during all of the times stated in the complaint, and now, the defendant is the owner of real property in Hennepin county, which is of record in its name, and subject to levy and sale on execution, worth far more than the amount of plaintiff's judgment." Upon the pleadings, the court, on motion of plaintiff, made an order appointing a receiver as prayed for in the complaint, and from this order the corporation appeals.

It would hardly be seriously contended but that the facts alleged in the complaint made at least a *prima facie* case entitling the plaintiff, under the statute, to have a receiver appointed. All these facts having been admitted by the defendant, the plaintiff was therefore entitled, on the pleadings, to the order, unless the answer stated a defence. The first branch of the attempted defence, and which is the one principally discussed in the briefs, is clearly without merit. The adequacy of the price received by the sheriff on the sale of the property under the judgment or decree of the court cannot be questioned collaterally in this way. If the defendant had any ground of complaint as to the acts of the sheriff in making the sale, it had a remedy by objecting to its confirmation, or by application directly to the court on motion to vacate and set aside the sale.

The second branch of the proposed defence (which is very meagrely discussed by counsel) presents the question whether, upon the facts stated, the return of the execution unsatisfied was conclusive as to the right of the judgment creditor to have a receiver of the corporate property and effects appointed, or whether, in opposition to the application, the corporation could show that it in fact had and has property subject

to levy and sale on execution sufficient to satisfy the plaintiff's judgment. The current of the decisions is to the effect that, in the absence of express statutory authority, the general jurisdiction of equity over corporations did not extend to sequestrating corporate property, and appointing a receiver of the same, in aid of judgment creditors. This was probably for the reason that the effect of taking the property of a corporation out of the control of its own officers involved the virtual dissolution of the corporate body, and the probable loss of its franchises. The right of judgment creditors of a corporation to the appointment of a receiver of the corporate property and effects in aid of their judgments, after execution returned unsatisfied, given by Gen. St. 1878, c. 76, § 9, may be regarded as an extension or enlargement of the power of the courts in that respect, so as to apply to corporations as well as natural persons, and to be governed by the same general principles in both cases. The fundamental principle upon which the appointment of receivers in behalf of judgment creditors for the enforcement of their judgments rests, is the inadequacy of the ordinary legal remedy by execution. This is so both under the chancery practice and under the reformed codes of procedure. And in cases like the present, where the object is to reach assets of the debtor which cannot be reached by execution, it is undoubtedly a leading principle that, to entitle a creditor to a receiver, he must have fully exhausted his remedy at law. But, when the aid of the court is invoked in such cases, it looks only to the execution and the return. The former shows that the remedy at law has been pursued, and the return shows whether the remedy has proved effectual or not; and, from the embarrassment which would result from any other rule, the return must be held conclusive, and the court will not entertain inquiries as to the diligence of the officer in endeavoring to find property upon which to levy. If there is any good ground for setting aside the return of the officer because of its falsity, the defendant in the execution should apply directly to the court on motion. The court before which the proceedings for the appointment of a receiver are pending, could and should, on proper showing, postpone such proceedings, in order to give time to make such a motion; but, so long as the return is suffered to remain of record in force, it is conclusive,

and cannot be thus collaterally assailed by inquiries into the conduct of the officer in-executing the writ, or into the existence of any property which he might have taken by virtue of it. To permit the return to be thus collaterally attacked, or its probative effect to be rebutted in this way, would be not only against all precedent, but also, as we think, attended with great practical embarrassment. *Flint* v. *Webb,* 25 Minn. 263; *Jones* v. *Green,* 1 Wall. 330. The proposed answer contained no defence, and therefore the order appealed from was properly made, and must be affirmed.