H. A. SPOONER *vs.* BAY OF ST. LOUIS SYNDICATE *et al.*

Argued Nov. 20, 1891. Decided Feb. 3, 1892.

**Default Excused and Creditor Allowed to File his Claim.**—In a proceeding against an insolvent corporation under 1878 G. S. ch. 76, to wind up its affairs and distribute its assets among the creditors, a creditor may be allowed by the court, upon a proper showing, to come in and become a party to such proceeding after the expiration of the time previously limited for such purpose.

**Discretion of Court not Abused.**—Evidence upon such an application considered, and the order granting it *held* not an abuse of its discretion by the court.

Appeal by plaintiff from an order of the district court of Hennepin county, *Hooker,* J., made May 11, 1891, allowing Charles Gibson to become a party and prove his claim under 1878 G. S. ch. 76, § 23, after the time limited by the court had expired.

The Bay St. Louis Syndicate is a corporation. It owned the Hotel St. Louis on Lake Minnetonka, near Minneapolis. During the spring and summer of 1888, H. A. Spooner furnished materials and did work for it repairing the hotel. He filed a lien therefor, and on July 29, 1889, recovered judgment against it for $1,239.68, which was adjudged a lien on the hotel, and it was ordered sold, subject to prior incumbrances, to pay the judgment. This was done, but only $5 was realized. The sale was confirmed, and a personal judgment was entered for the deficiency. Execution was issued on this judgment, and returned wholly unsatisfied. Plaintiff thereupon brought this action under 1878 G. S. ch. 76, against the corporation and its stockholders, in his own behalf, and on behalf of all its other creditors, to sequester its property, and enforce the liability of its stockholders, for the payment of its debts, and for the appointment of a receiver.

The corporation answered admitting these allegations, but claimed that the property was worth more than it sold for, and that it had other property not exempt which might have been seized and sold

on the execution. On motion of the plaintiff the district court made an order February 13, 1890, upon the pleadings, appointing Weed Munro, Esq., receiver as prayed in the complaint. The corporation appealed to this court from that order, but it was affirmed October 28, 1890. 44 Minn. 401.

Meantime, on February 14, 1890, an order was made under 1878 G. S. ch. 76, § 23, directing notice to be published once a week for four weeks, requiring all the creditors of the corporation to exhibit their claims and become parties to the action within six months from the first publication of the notice, and that in default thereof they be precluded from all benefit of the judgment which might be rendered in the action and from any distribution made under it. Notice was published as required by this order, the first publication occurring on February 18, 1890. Proof of publication was filed July 8, 1890.

A number of creditors of the corporation appeared and exhibited their claims, and became parties to the action. The various issues in the matter were tried January 29, 1891. Findings were made and judgment entered February 5, 1891, adjudging the amount due to each creditor, and also adjudging the sums which each of the stockholders should pay to the receiver to satisfy the debts of the corporation and the costs and expenses of the proceedings. This judgment further provided that all creditors of the corporation, other than the plaintiff and those who had appeared and established their claims, should be precluded from all benefit of that or any further judgment in the action, and from any distribution made thereunder.

Afterwards, on April 30, 1891, Charles Gibson gave notice of a motion to open this judgment, and to extend the time limited to exhibit claims and to be made a party to the proceeding, and to be permitted to exhibit his claim for $9,021.17, and share in the distribution. He supported his motion by affidavits showing his absence in Europe, and his ignorance of the proceedings, until within a month of the time of giving notice of the motion. This application was opposed by the other creditors. They exhibited affidavits tending to

show that he had agents who had notice of the proceedings, and that his claim was invalid, and that he was acting in collusion with the stockholders, to absorb the assets realized.

This motion was heard, and an order was made May 11, 1891, granting Gibson's motion on the condition that he pay $360 as his share of the expenses of the proceedings to that date. From that order the receiver and the other creditors bring this appeal.

*Fred B. Dodge* and *Henry C. James,* for appellants.

It was in the power of the court, in the exercise of a sound judicial discretion, upon a sufficient showing of inadvertence, mistake, surprise, or excusable neglect, to remove the default, vacate its judgment, and allow Gibson the benefit of the action.

We admit that orders removing the default will not be reviewed here, unless it appears that manifestly the order ought not to have been granted.

Our claim is that respondent utterly failed to show either mistake, inadvertence, or surprise, or to excuse his neglect, and the court had no occasion to exercise discretion; that the action of the court was a gross abuse of its powers.

The effect of failure of a creditor to exhibit his claim and become a party in obedience to the order of the court, and within the time limited, is to wholly exclude him from any share of the assets realized in the action. *In re Harmony Fire & Marine Ins. Co.,* 45 N. Y. 310, 314; *In re Attorney General* v. *Continental Life Ins. Co.,* 88 N. Y. 77; Pom. Rem. & Rem. Rights, § 396.

*Jas. W. Lawrence,* for respondent.

The appeal to this court from the order appointing Weed Munro, Esq., receiver of the corporate property, effectually stayed proceedings in the district court. Pending that appeal it could not take any steps towards granting any relief asked for in the complaint. *La Crosse & M. Steam Packet Co.* v. *Reynolds,* 12 Minn. 213, (Gil. 135;) *Robertson* v. *Davidson,* 14 Minn. 554, (Gil. 422;) *Slaughterhouse Cases,* 10 Wall. 273; *Starbuck* v. *Dunklee,* 12 Minn. 161, (Gil. 97;) *Bass* v. *City of Shakopee,* 27 Minn. 250; *State ex rel. Matthews* v. *Webber,* 31 Minn. 211.

The judge of the district court in opening the default exercised his judgment, based upon the contents of the affidavits, the files in the case, as well as his personal knowledge, acquired as judge of the court. He therefore knew, at the time of granting this relief, that the order limiting the time for creditors to come in was published during the pendency of the former appeal to this court. No creditor came in during the time of the pendency of that appeal.

Every creditor except one was admitted as a party upon petition, after expiration of the limited time. Every creditor except one was represented by one of the attorneys for the appellants here, and upon petitions setting forth no more excuse than was given by respondent. No objection was made to their admission. One creditor was admitted as late as June 27, 1891, nearly two months after respondent was admitted, and no objection was made.

Under these circumstances, the court below did not abuse its discretion.

VANDERBURGH, J. This is an action brought by a creditor after judgment against the defendant corporation, and execution returned unsatisfied, to have the effects of the corporation sequestered and distributed among creditors through the intervention of a receiver, in pursuance of 1878 G. S. ch. 76, §§ 9, 10. The order appointing a receiver was made on the 13th day of February, 1890. An appeal to the supreme court was taken and perfected by filing the proper stay bond, on March 1st. This appeal was determined, and the order affirmed, October 28, 1890. 44 Minn. 401, (46 N. W. Rep. 848.) The order appealed from involved the merits of the controversy, and stayed all proceedings in the district court pending the appeal. The action was tried in the district court in January, 1891, and an interlocutory judgment ordered, among other things, barring and precluding creditors who had not been made parties from sharing in the distribution. The defendant Charles Gibson, who was one of the creditors who had not been made a party, thereafter made application to have the judgment opened, and to be allowed to come in, exhibit his claim, and share in the assets. This application, after a full hearing, was granted by the court, May 11, 1891. It is claimed that

this was an abuse of discretion on the part of the district court, and that its order should be reversed for that reason. It does not appear, however, that the situation had materially changed since the order made in January, or that the rights of any of the parties were prejudiced by the delay. There had been an order published limiting the time for creditors to appear, but this was published pending the appeal, and it is shown that neither the defendant Gibson nor his attorney had notice of it. If he had appeared and made his application at or before the hearing in January, it could not have been claimed that his delay was fatal; and the question of his subsequent laches was, we think, a fair question for the trial court upon the evidence before it, and the appellate court ought not to interfere with its decision.

Order affirmed.

(Opinion published 51 N. W. Rep. 377.)