W. S. DENNIS v. PABST BREWING COMPANY.[1]

May 25, 1900.

Nos. 12,198—(233).

**Findings Sustained by Evidence—Amendment of Pleading.**

*Held*, that the trial court's findings of fact in this case are sustained by the evidence, and that it did not abuse its discretion in denying defendant's motion, made on the trial, to amend its answer.

Action in the municipal court of St. Paul to recover $360 and interest for money received by defendant from one W. H. Griffin

[1] Reported in 82 N. W. 978.

under an agreement that defendant would obtain for Griffin a liquor license, which defendant failed to do. Plaintiff was assignee of Griffin's claim. The case was tried before Orr, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*E. E. McDonald,* for appellant.

*Horton & Denegre,* for respondent.

STAR̄T, C. J.

The complaint alleged that W. H. Griffin, between April 7 and September 26, 1898, paid to the defendant $360, which sum was received upon the agreement that the defendant would obtain for Griffin a retail liquor license, and protect him thereunder; that the defendant failed to do so, and refused to carry out the agreement on its part; that Griffin duly assigned his claim against the defendant on account of the money so paid to it to the plaintiff. The answer was a general denial. The trial court found, in effect, that the allegations of the complaint were true, and ordered judgment for the plaintiff for the amount claimed. The defendant appealed from an order denying its motion for a new trial. Counsel discusses in his brief only three of his eight assignments of error; hence only the three can be considered. Dodge v. McMahan, 61 Minn. 175, 63 N. W. 487; Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315, 64 N. W. 902.

The first claim of the defendant to be considered is that the findings of fact of the trial court are not supported by the evidence.

Taking the most favorable view of the evidence for the defendant, it tends to show that in April, 1898, the plaintiff's assignor, Griffin, was interested in a saloon at No. 33 East Seventh street, St. Paul, as proprietor or manager, the license for which had then expired; that thereupon it was agreed between the parties that the defendant should advance the money for and assist in procuring a retail liquor license for the saloon, and that Griffin should repay the amount so to be advanced in weekly instalments of $20; that in pursuance of such agreement an application for such license was made, and, with a proper bond, filed with the city clerk, the defendant depositing with the city treasurer the license fee of $1,000;

and, further, that Griffin paid in such instalments to the defendant, on account of the money so deposited by it, the sum of $360; that the application was refused, and no license was issued for the saloon, but that the $1,000 was returned to the defendant,—that is, it used the deposit, by some arrangement not clearly disclosed by the record, to pay for the license of another applicant in which Griffin had no interest; or, in other words, the defendant received back all of the money it advanced for Griffin's proposed license, exclusive of the $360 paid to it by him, in the belief that the license would be granted, and the fee deposited would be accepted. The evidence is ample to sustain the essential findings of the trial court, for it justifies the conclusion that the implied agreement or understanding of the parties was that the license would be granted, and the defendant required to pay the license fee; otherwise, the money paid by Griffin should be returned.

The defendant further claims that the court erred in denying its motion, made on the trial, to amend its answer. Upon the whole record we are of the opinion that the court did not abuse its discretion in denying the motion.

Order affirmed.