PHILIP POTTS v. ST. PAUL ATHLETIC PARK ASSOCIATION.[1]

October 25, 1901.

Nos. 12,673—(28).

**Insolvent Corporation—Laws 1899, c. 272.**

> The provisions of Laws 1899, c. 272, as to assessing stockholders to pay the indebtedness of the corporation, apply to actions begun before its enactment if no prior proceedings have been taken therein to enforce the liability of the stockholders.

**Claim of Creditor—Statute of Limitations.**

> The commencement of an action to sequestrate the property of a corporation by a creditor, and his exhibiting his claim against it, tolls the statute of limitations, both as to the corporation and its stockholders. London & N. W. A. M. Co. v. St. Paul Park Imp. Co. supra, page 144 followed.

**Assessment.**

> The trial court in this case did not err in assessing the stockholders to the full par value of their stock.

Action in the district court for Ramsey county by a judgment creditor of defendant corporation for sequestration of its property. Ludowic D. Hause, having been appointed receiver of defendant, filed a petition pursuant to Laws 1899, c. 272, for an assessment of the stockholders. From an order, Otis, J., directing such assessment, H. F. Stevens and other stockholders appealed. Affirmed.

*Stevens, O'Brien, Cole & Albrecht, C. D. & Thos. D. O'Brien, Munn & Thygeson, Frank Ford, Harry Weiss, Briggs & Morrison* and *W. W. Dunn,* for appellants.

*Henry C. James* and *Henry B. Farwell,* for respondent.

START, C. J.

This action was brought in the district court of the county of Ramsey by the plaintiff, a creditor of the defendant corporation, pursuant to the provisions of G. S. 1894, c. 76, to sequestrate its property. Such proceedings were had therein that on March 24,

[1] Reported in 87 N. W. 604.

1894, Ludowic D. Hause was appointed receiver of the corporation and its assets. On the same day the court made its order as provided by section 5911, requiring all creditors of the corporation to exhibit their claims and become parties to the action within six months after the date of the first publication of the order (which was made March 27, 1894), and in default thereof be precluded from all benefit of the judgment to be entered in the action, and from any distribution to be made under such judgment. The order also directed and provided that such claims be exhibited by delivering to the receiver a verified complaint within the time limited, setting out a brief description of the claim, and that all complaints so delivered to the receiver be filed by him in the office of the clerk of the district court; and, further, that the receiver, or any other party to the action, or any of the creditors or stockholders of the corporation, might, at any time within the time limited, or within thirty days thereafter, interpose by verified answer objections to the allowance of any claims so exhibited. The plaintiff delivered his verified complaint to the receiver April 11, 1894, and it was filed the next day in the clerk's office.

Mr. C. E. Dickerman, an alleged creditor of the corporation, made his verified complaint of his claim, and on June 20, 1894, delivered a copy thereof to the attorney of the receiver, who admitted, for the receiver, in writing upon the back of the complaint, personal service thereof by copy. The original complaint, however, was not delivered to the receiver, nor was it filed with the clerk prior to January 7, 1899, when it was so filed. Other than this, Mr. Dickerman never complied with the order of the court as to creditors exhibiting their claims and becoming parties to the action, but he was recognized by the court and receiver as a creditor who had exhibited his claim, and the court, by its order of January 31, 1899, ordered a dividend to be paid by the receiver on his claim, the order reciting that he and the plaintiff were the only persons who had filed claims against the corporation.

On August 14, 1899, the receiver presented to the district court his petition asking for an assessment of stockholders under Laws 1899, c. 272, to pay the debts of the corporation, and such proceedings were thereafter had in the matter of such petition that the

trial court, on October 16, 1900, made by its order an assessment of one hundred per cent. upon the par value of the capital stock of the corporation to pay its debts. The court made no findings of fact, nor any order allowing or disallowing claims against the corporation. The appellants, who were alleged in the petition to be stockholders, appealed from the order making the assessment and from an order denying their motion for a new trial.

1. It was urged by counsel for appellants on the oral argument that the provisions of Laws 1899, c. 272, had no application to this action, because it was commenced, and the receiver appointed, before the enactment of the law.

Waiving the fact that no such point was made in their brief (see Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315, 64 N. W. 902, and Hahn v. Bettingen, 81 Minn. 91, 83 N. W. 467), the claim is without merit, for no attempt was made in this action to make the stockholders parties thereto, nor were any proceedings taken to enforce their liability for the debts of the corporation, until after the law was enacted. This case, then, does not fall within the provisions of section 13 of the act, which provides, except as therein stated, that the act shall not apply to any action then pending to which the stockholders had been made parties under the provisions of G. S. 1894, c. 76. But it falls within section 1 of the act, which extends its provisions to all cases where a receiver of a corporation has been or may be appointed pursuant to the provisions of chapter 76, or under the general equity powers of the court.

2. All other reasons urged by the appellants why the order making the assessment was erroneous are to the effect that the claim of the plaintiff is barred by the statute of limitations, and that Mr. Dickerman never became a party to the action so as to toll the statute of limitations as to his claim; therefore, there being no legally enforceable debts against the corporation at the time the order levying the assessment was made, it cannot be sustained.

It is true that, if there were no legally enforceable debts against the corporation at the time the order was made, it was unauthorized. The assumed premises, however, are not correct, for no

claim is or can be made that the plaintiff's debt was barred when he commenced his action to sequestrate the property of the corporation, and exhibited his complaint against it, whereby the statute was tolled as to the corporation and its stockholders. London & N. W. A. M. Co. v. St. Paul Park Imp. Co., supra, page 144. The plaintiff's claim is not barred, and, including interest, it now amounts to some $11,000.

If this were the only debt against the corporation, the record justifies the conclusion that the assessment made by the court to pay the indebtedness against the corporation and the expenses of the receivership was not excessive, even if Mr. Dickerman's claim should be excluded. As to his claim we deem it proper, with reference to further proceedings in this action, to say that he did all that the order of the court required him to do as to exhibiting his claim and becoming a party to the action, except that he gave the receiver a copy of his verified complaint, instead of the original. The receiver, by his attorney, accepted the copy in place of the original, which was exhibited to him. It was his duty, not the creditor's, to file the complaint. The creditor substantially, but not technically, complied with the order. Such being the case, it is competent for the trial court, in its discretion, to permit the original complaint to be filed nunc pro tunc, giving to all interested parties, including stockholders, a reasonable time to answer the complaint, if so advised. Spooner v. Bay of St. Louis Syndicate, 48 Minn. 313, 51 N. W. 377.

Orders affirmed.