FRANK T. WHITE v. JAMES COLLINS.[1]

· July 3, 1903.

Nos. 13,536—(158).

**Real Estate Broker.**

*Held*, in an action by a real-estate agent to recover commissions on the sale of land, that the trial court committed no reversible errors in its rulings as to the admission of evidence, and that the verdict is sustained by the evidence.

Action in the district court for Anoka county to recover $700 and interest as commission for procuring a purchaser for defendant's land, pursuant to a verbal contract. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 95 N. W. 765.

*C. D. & Thos. D. O'Brien,* for appellant.
*W. A. McDowell,* for respondent.

START, C. J.

The complaint herein alleged that the plaintiff, as a real-estate agent, was employed by the defendant on or about September 5, 1901, to procure for him a purchaser for certain farm lands for the sum of $10,000; that the defendant agreed to pay the plaintiff the sum of $700 for his services in procuring a customer ready and willing to purchase the lands for that price; and, further, that he did procure such customer for the defendant, who refused to pay any part of the commissions for such services. The complaint demanded judgment for $700. The answer put in issue the allegations of the complaint. The trial resulted in a verdict for the plaintiff for the full amount claimed, and the defendant appealed from an order denying his motion for a new trial.

All of the alleged errors, save one, refer to the rulings of the trial court as to the admission or rejection of evidence. There are thirty-five assignments of error belonging to this class, but counsel discuss in their brief only a limited number of them, and, as to the balance, content themselves with the general statement that

> "It would extend this brief beyond a reasonable compass to undertake to argue in writing, and detail at length, the position of the plaintiff as to each of these errors, and for that reason their particular discussion will be left to the oral argument of the case, as the position of the defendant as to each of these errors can then be more distinctly and briefly pointed out. But it is proper to observe that, whether these errors are considered separately or collated and their general effect shown, the result is to demonstrate the fact that all rulings in this case were against the defendant, and that the defendant had not a fair trial of the defense asserted by him."

This statement is not sufficiently specific to call upon the court to consider any assignments of error not otherwise specifically urged in the brief, with the reasons why the rulings to which they refer are claimed to be erroneous. All assignments of error not so urged and discussed

in the brief are deemed to have been abandoned, and will not be considered by the court. Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315, 64 N. W. 902; Hahn v. Bettingen, 84 Minn. 512, 88 N. W. 10.

The plaintiff offered evidence as to an interview between the parties in April, 1901, tending to show that the defendant listed his lands for sale at that time with the plaintiff, which was received over the objections of the defendant. This ruling is the basis of assignments of error 1 and 2, and it is urged that it was erroneous, for the reason that the contract alleged in the complaint was a special one, made in September following; hence evidence of what took place between the parties in April before was immaterial. The evidence was properly received as tending to show the relation of the parties with reference to the land, and their negotiation with reference to the sale thereof by the plaintiff, which culminated, as he claims, in the oral agreement alleged in the complaint. It was not error to receive it.

A witness called by the plaintiff was permitted to testify that a Mr. Bartlett, who was sent out by the plaintiff in charge of a party of land seekers, inquired the way to the defendant's farm, and that, upon being so informed, he took the road pointed out. This is urged as error. The person who purchased the defendant's land was one of this party. The plaintiff claimed to have sent him, with others, to look at lands he had for sale, in charge of his agent, and directed the agent to show the defendant's land to the party. It was the claim of the defendant, as indicated by the cross-examination of plaintiff's witnesses, and later by his own testimony, that he found the purchaser by a casual inquiry of the party as they were passing along the road with no purpose of seeking him or his land. The evidence was proper for the purpose of corroborating in some degree the statement of the plaintiff that he sent out the party to see the defendant's farm, with others. The value of it was for the jury.

Assignments of error 24 to 35, inclusive, relate to the admission of rebutting evidence received over the objections and exception of the defendant. It is specifically urged that the evidence was in fact but a repetition of the plaintiff's case in chief. A witness called by the plaintiff testified, in effect, that he was present when the defendant offered the plaintiff $150 on commissions for the sale of the land.

On cross-examination he testified that this took place at the office of Mr. Engle, when $1,000 was paid on the purchase price of the land, and that Mr. Engle, the defendant, his wife and daughter, were present. Mr. Engle was called by the defendant, and testified that he did not hear defendant offer the plaintiff $150, and that nothing of the kind took place, and, on cross-examination, that it was possible that he was out of the office at one time while the parties were there, but "I don't think I was." The plaintiff recalled his witness on rebuttal, who testified, in effect, that Mr. Engle was out of his office several times during the interview between the parties. We are of the opinion that it was not error to receive this testimony. The testimony of the defendant on a former trial of the action was given in evidence in rebuttal by the plaintiff. This is also claimed to have been error, because the attention of the defendant was not called to the matter on his cross-examination, and for the further reason that his testimony on the first trial was identical with that on the second. If such were the case, clearly the defendant could not have been prejudiced by the repetition. The evidence, however, was competent, as tending to show admissions, direct or implied, of the defendant, relevant to the issue, not made on the last trial. It was not necessary to lay any foundation for the admission of the evidence, for the witness was a party to the action. There are no other alleged errors in the rulings of the court as to the admission of evidence meriting special consideration.

This brings us to the question whether the evidence sustains the verdict. The evidence is in many material respects radically conflicting, but the credibility of the parties and witnesses was a question solely for the jury; and we have reached the conclusion, from a consideration of the whole evidence, that the verdict is sustained by the evidence, and so hold.

Order affirmed.