## SIMON GROSSMAN v. LOCKEDELL & SON AND OTHERS.[1]

November 13, 1931.

No. 28,589.

*Hyman M. Juster,* for appellant.
*Works & Stoller,* for respondent.

STONE, J.

Replevin for an automobile, wherein plaintiff claims as the assignee of the vendor in a conditional sales contract wherein defend-

[1]Reported in 238 N. W. 893.

ant Silver was the vendee. The latter appeals from an order deny-ing his motion for a new trial after a verdict directed for plaintiff. The other defendants are not parties to the appeal.

The purchase price of the car was $767.60, and at the time the writ issued there remained unpaid $86.40. There was a default of payment in but one of the monthly instalments of $28.80. Addi-tional breaches of the contract are claimed, in that defendant had permitted the property to become the subject of a chattel mortgage and a levy under a writ of execution issued against him under a judgment held by plaintiff himself. We need not go farther into the facts, for there was an error of procedure which of itself de-mands reversal.

By amended answer defendant pleaded a timely tender to plain-tiff of the amount he claimed to be due on the contract, with inter-est and all expenses of this action, including an attorney's fee, and that plaintiff had declined the tender. If such a tender had been made in time it was a defense.

Plaintiff had rested, and defendant had just commenced putting in his own testimony when an objection was interposed by plaintiff to the introduction of any evidence to sustain the allegations of the answer, particularly those of tender, upon the general ground of incompetence. The objection was sustained for reasons not dis-closed. Thereupon, and without waiting for defendants to rest, plaintiff moved for a directed verdict. The motion was granted. Counsel for defendant do not appear to have been given much opportunity to make a formal offer of proof in support of their plea of tender, but did make it appear that if they were permitted to proceed they would adduce evidence that the tender had been made. They were cut off rather abruptly by this statement from the court: "I have told you what I am going to do in this case. If you want to go to the supreme court, that is your privilege and your duty."

Notwithstanding the small balance due on the purchase price of the car, it may be that technically plaintiff was entitled to recover. The contract was made before, and hence is not affected by L. 1931, p. 429, c. 339, allowing the purchaser a right of redemption under

a conditional sales contract. But there was here such a disregard of long established and necessary rules of orderly procedure, attended by so marked a violation of appellant's right to introduce evidence in support of a well pleaded defense, that there must be a reversal. Appellant was entitled to a fair and full trial, which was denied.

■ There is in evidence the sheriff's (or coroner's) return. For plaintiff, it is asserted to be conclusive on defendants as to the date when the automobile was seized. They then argue that it appears that appellant's alleged tender could not have been made before the day on which the return shows the car was seized. The premise of that argument is unsound. The return is doubtless prima facie evidence of all it properly recites. It is not conclusive however as against a party to the action as to any issue, collateral to writ and levy, tendered by the pleadings. A litigant cannot be so foreclosed of his right to be heard and to adduce his own evidence, by any mere extra testimonial declaration, however official. Plaintiff's argument, if allowed, would raise a sheriff's return to the dignity of a judgment and make it a bar as to the matters embraced therein.

Plaintiff's position is based on a misconception of Flint v. Webb, 25 Minn. 263, and Spooner v. Bay St. Louis Syndicate, 44 Minn. 401, 46 N. W. 848. They hold only that the sheriff's return, unsatisfied, of a writ of execution, is the sole statutory condition precedent to the judgment creditor's right to an order requiring the debtor to appear and make disclosure in supplementary proceedings. G. S. 1923 (2 Mason, 1927) § 9450. These cases hold (and Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274, should not be taken as going farther) that in the supplementary proceeding the sheriff's return is conclusive and not open to collateral attack.

■ The officer's return of a levy under a writ of replevin "is so far conclusive that it cannot be contradicted or avoided in the suit, for the purpose of defeating any rights which have been acquired by the parties under it; but the return of collateral facts may be traversed." Wells, Replevin (2 ed.) § 297. See also Cobbey, Replevin (2 ed.) § 661. Like most other rules of law, injustice rather than

justice will result if this one is applied to cases beyond the reason of it. As long ago as 1817, the superior court of judicature of New Hampshire had occasion to consider "many cases to be found in the books," where the rule had been held not to apply, and went on to say, in Lewis v. Blair, 1 N. H. 68, 69:

"In some of these cases an averment against the return of the sheriff is given by the statute of Westminster 2. c. 39, and in others it is allowed on account of .the extreme hardship that would result from the application of the general rule. Upon an attentive examination of all the cases, it will be found, that the rule that there can be no averment against the sheriff's return, has only been applied in cases where the attempt was to invalidate his proceedings by shewing the falsity of his return. This circumstance shews at once the object and reason of the rule. The object of the rule was to protect the proceedings of the sheriff, and the reason of it was the extreme inconvenience, that must result from suffering the proceedings of the sheriff to be invalidated by calling in question the truth of his return. If the sheriff's return might be thus invalidated 'much mischief to parties would result from it, and much uncertainty in judicial proceedings would be the consequence.' Parsons, 6 Mass. Rep. 327. The limits then within which the rule is applicable, are distinctly marked by the reason and object of it and the true rule is 'that for the purpose of invalidating the sheriff's proceedings, or defeating any right acquired by means of them, the truth of his return cannot be called in question.' There is not in the books even a dictum, that the rule was ever carried to a greater extent than this."

In the instant case appellant's attempt, erroneously obstructed by the court, was not to defeat the writ or the levy thereunder. No attack, direct or indirect, was made on either. The date of the seizure came under inquiry in a collateral and incidental manner, and was material only as to the time when appellant made his alleged tender to plaintiff. As to such an issue, collateral to writ and levy, a litigant is not foreclosed by anything in the writ. The situation is so plainly beyond its reason that the rule giving con-

clusive effect to the officer's return has no application. It is but prima facie evidence of the truth of any statement properly contained therein.

Reversed.