Samuel Babin, J.
This is an action for a declaratory judgment. The plaintiff, as executrix, seeks a determination that she is entitled to recover damages for her husband’s death under an automobile insurance policy issued to her husband by the defendant.
The plaintiff’s deceased husband had secured an automobile policy from the defendant, effective from April 22, 1956, to April 22,1957. Attached to said policy and made a part thereof was an indorsement providing for the payment of damages for injuries or death caused by uninsured automobiles. The term ‘ ‘ uninsured automobile ’ ’ is defined therein as follows : “ (c) Uninsured Automobile. The words ‘ uninsured automobile ’ mean an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of the accident, or an automobile used without the permission of the owner thereof if there is no bodily, injury liability insurance applicable at the time of the accident with respect to the operator thereof.”
On October 18, 1956, the deceased’s body was found in a spot 50 feet east of 256th Street and Hillside Avenue, in the County of Queens. When he was discovered it was found that his head and chest had been crushed. The deceased was then 79 years of age and had a heart condition. There were no eyewdtnesses to his death.
*1085 To sustain her cause of action the plaintiff must establish that the deceased was killed by a hit-and-run automobile and that the term ‘ ‘ uninsured automobile ’ ’ included a hit-and-run automobile.
The only evidence offered as to the manner of deceased’s death was the report of the medical examiner of the City of New York and the testimony of a police officer connected with the accident investigation squad, Queens, who made an examination at the scene shortly after the body was found. The report lists the cause of death as: crushed head; crushed chest. The police officer testified that in his opinion death was caused by a vehicle-pedestrian accident, in which an unidentified motor vehicle hit and killed the deceased and then left the scene.
I find the evidence insufficient to establish that the death was caused by a hit-and-run automobile. But even if we assume that it was, the plaintiff cannot recover.
It cannot be presumed that every hit-and-run automobile is uninsured, and there is no proof in this case, even if we assume that deceased was killed by a hit-and-run automobile, that the automobile carried no bodily injury liability insurance applicable at the time of the accident.
The plaintiff contends, however, that the specific words ‘ ‘ uninsured automobile ’ ’ and 1 ‘ liability insurance applicable ’ ’ used in the policy are of ambiguous and doubtful meaning and, therefore, require construction and .interpretation by the court; that the language must be construed liberally in favor of the assured and strictly against the carrier, going as far as possible to hold the defendant liable; and that the language must be given the ordinary meaning that an average person insured would reasonably attribute to it, namely, that his own policy would provide coverage in any case where no liability insurance is applicable to compensate for the damages sustained by the insured, no matter what occurrence occasioned that loss.
The difficulty with the plaintiff’s position is that it presupposes an ambiguity that requires construction. I find none. I find that the policy does not, in express terms, include a hit-and-run automobile in its definition of an uninsured automobile, and no intent to do so can be read into the policy by any reasonable interpretation of the language used. Nor is there any basis for the assumption that the policy was intended to include hit-and-run automobiles in addition to uninsured automobiles, or to cover any situation in which injury or death was caused by the act of any third party against whom recovery could not be had for the loss sustained by the insured. To attempt to read any such coverage into the policy would be to torture and twist the *1086 language from its plain meaning. I find the language of the policy and the indorsement to be clear and unambiguous permitting of no such construction.
It follows that the policy of automobile insurance issued by the defendant to the plaintiff’s intestate does not cover the claim for damages set forth in the complaint. Accordingly, judgment is granted in favor of the defendant. Proceed in accordance.