## (February 26, 1965)

■ In the Matter of the Arbitration between VANGUARD INSURANCE COMPANY, Appellant, and CHESTER POLCHLOPEK et al., Respondents.— Order unanimously reversed, without costs of this appeal to any party, and motion granted, without costs. Memorandum: Appellant insurance company appeals from an order denying its motion to dismiss respondents' demand for arbitration. Although the notice of motion indicated it sought an order dismissing the demand, it is clear that the only available procedure was a motion to stay arbitration (CPLR 7503, subd. [b], formerly Civ. Prac. Act, § 1458, subd. 2) and we shall treat it as such. The pertinent provision of the policy before us is "Part IV — Family Protection Coverage" which affords coverage in the event of an accident caused by "an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident". The automobile with which the respondents' car collided in South Carolina, driven by one Smith, was insured by Glens Falls Insurance Company at the time of the accident. Sixteen months after the accident "Glens Falls" disclaimed liability to its insured on its policy for failure to co-operate. The issue on this appeal is limited to the determination of whether the Smith automobile was covered by a liability insurance policy in effect at the time of the accident. It is purely a question of the contractual obligation of "Vanguard" under the policy purchased from it by respondents. In this posture there can be no doubt that the Smith automobile was not an uninsured vehicle at the time of the accident and the subsequent disclaimer did not change that fact. The provision in the policy in question is clear and unambiguous and no strained or unnatural construction can be given to it to provide otherwise (30 N. Y. Jur., Insurance, pp. 690–691; 7 Am. Jur. 2d, Automobile Insurance, pp. 462–463). The language of the policy is simple, direct and unequivocal and must be so construed (*Lenngren* v. *Travelers Ind. Co.*, 26 Misc 2d 1084, affd. 20 A D 2d 850; *Matter of Allstate Ins. Co. [Smith]*, 26 Misc 2d 859; *Matter of Berman [Travelers Ind. Co.]*, 11 Misc 2d 291). We cannot agree that subdivision 2-a of section 167 of the Insurance Law is applicable as to this private insurance carrier. The mandatory protection afforded by that section deals only with the liability of the Motor Vehicle Accident Indemnification Corporation and does not provide coverage under the facts in the case at bar. The cases cited by Special Term supporting this contention rest solely on the fact that subdivision 2-a of section 167 expressly provides liability of the MVAIC in disclaimer situations. Nor can the respondents succeed on any estoppel or waiver theory for there is no change in position or detriment on the part of the insureds as a result of any reliance on anything "Vanguard" has done or said (see *Matter of Rosenbaum [Amer. Sur. Co., N. Y.]*, 11 N Y 2d 310). The determination which must be made on the facts before us is well stated in *Harris* v. *Allstate Ins. Co.* (309 N. Y. 72), where the court said at page 78: "Courts have no right to make contracts for people, nor write provisions into them." The disclaimer for acts of the insured (Smith) which occurred after the accident is not contemplated by the terms in the written contract and is a barrier to recovery by the respondents in the policy before us. (Appeal from order of Onondaga Special Term denying motion to dismiss the demand for arbitration.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.